# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 09 C 7290 | **DATE** | 5/24/2011 |
| **CASE TITLE** | Green et al. Vs. Kubota Tractor Corporation | | |

**DOCKET ENTRY TEXT**

Before the court is plaintiffs' Motion to Disclose Additional Fact Witness [54]. For the reasons set out below, the motion is denied.

■ [ For further details see text below.]

Notices mailed by Judicial staff.
*Copy to judge/magistrate judge.

## STATEMENT

Plaintiffs Chad and Amber Green are the parents of Evan Green, whose right foot was partially amputated by a tractor and rotary lawn mower being operated by his grandfather. (Am. Compl. ¶¶ 3-9.) [Dkt 11.] Plaintiffs allege that defendant Kubota Tractor Corporation manufactured, sold and/or placed the tractor and rotary mower in the stream of commerce. (Id. ¶ 6.) Fact discovery closed on February 11, 2011. (Order, Sept. 2, 2011.) [Dkt 36.] Plaintiffs' expert disclosures and reports were to be served by March 1, 2011. (*Id.*)

Plaintiffs' motion is titled a "Motion to Disclose Additional Fact Witness," but that does not really describe what is at issue. The controversy started when plaintiffs' expert witness, Dr. Jeffrey Ketchman, submitted a report in which he states, in part:

> When this TM [the subject mower] was sold other riding mowers were capable of 2-1/2 second blade stopping times, and cessation of motion in reverse (with an NMIR interlock) in just a few feet. Independent tests *(a video recording is available)* conducted by Reed Engineering Consultants, Inc. and Keven Sevart, P.E. have documented this.

(Pls.' Mot., Ex. 1, Ketchman Report at 11, emphasis added.)

# STATEMENT

Plaintiffs provided a copy of the video mentioned by Dr. Ketchman to defendant's attorney on March 22, 2011, and to the court with the motion. (Pls.' Mot., Ex. 2.) The video, titled "Riding Mower Performance," is a compilation of a number of videos, each depicting a man riding one of several brands and types of rider lawn mowers and operating various mechanisms at various points. The video also has close-ups of some features of the mowers, including safety warnings, and various lights and switches. At certain times, the man riding the mower points to various parts of the mower for emphasis. In effect, the video is a demonstration of various safety features of different types of riding mowers.

Plaintiffs now state that they want to call Kevin Sevart as a fact witness to authenticate the video and lay a foundation for its admission at trial. (Pls.' Mot. at 2.) Defendant objects strongly, arguing that Mr. Sevart's proposed testimony is not that of a fact witness but rather is expert testimony, and that the motion amounts to an untimely attempt to disclose an additional expert witness. (Def.'s Resp. at 2.) [Dkt 56.] Plaintiffs respond that Mr. Sevart will only lay the evidentiary foundation for the video, "limited to his perceptions," and that their disclosed expert, Dr. Ketchman, will explain the significance. (Pls.' Reply at 3.) [Dkt 58.] Based on what has been presented by the parties, the court agrees with defendant.

The video is not simply a photograph or even a videorecording of a single event. It is an edited compilation of a number of videos assembled for the purpose of demonstrating the performance of particular aspects of certain mowers. Notably, plaintiffs do not say what role Mr. Sevart had in the making of the video. (There appear to be two different men depicted in the video.) Dr. Ketchman describes the video as depicting "[i]ndependent tests . . . *conducted by* Reed Engineering Consultants, Inc. and Kevin Sevart, P.E." (Ketchman Report at 11, emphasis added.) Based on that description, Mr. Sevart was not simply a videographer brought in to record tests conducted by Dr. Ketchman; Mr. Sevart was the one who conducted the tests.

Defendant correctly observes that, if the video is to be shown to the jury, defendant has the right to explore all of the circumstances of the tests and demonstrations, including which mowers were selected for testing and why, which functions were tested and which were not, etc. If, as Dr. Ketchman's report states, Mr.

| STATEMENT |
|---|

Sevart conducted the tests, presumably Mr. Sevart selected the mowers and functions to be tested and the methodology by which the tests were conducted. Those decisions were based on his "scientific, technical, or other specialized knowledge," which is expert testimony under Federal Rule of Evidence 702. Plaintiffs did not timely disclose Mr. Sevart as an expert witness pursuant to Rule 26(a)(2)(B). They cannot now get in his testimony about tests he conducted by claiming that he is only "authenticating" the video depicting those tests.[1]

Accordingly, plaintiffs' motion to disclose an additional fact witness is denied. This ruling does not express an opinion as to whether the video is an appropriate basis of Dr. Ketchman's opinion under Federal Rule of Evidence 703, an issue not addressed by the parties.

---

1. Plaintiffs suggest that *defendant* should have disclosed the video under Federal Rule of Civil Procedure 26(a)(1)(A) because defendant apparently encountered Mr. Sevart and his video in another case. (Pls.' Reply at 2.) That argument is frivolous. Rule 26(a)(1)(A), subparts (I) and (ii) require a party to disclose persons and documents that the party "may use to support its claims or defenses . . . ." There is no suggestion that defendant has any intention of using Mr. Sevart or his video to support its defenses in this case.